■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY STEPHENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thorp, J.), rendered July 15, 1987, convicting him of robbery in the first degree (two counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Leahy, J.), after a hearing, of that branch of the defendant's motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We reject the defendant's claim that the hearing court was unable to make a fair ruling on the admissibility of the complainant's proposed in-court identification testimony since the hearing court refused his request to have the complainant called as a witness at the *Wade* hearing. There is no general requirement that the complainant testify at a *Wade* hearing; "it is only when the defense has established that a pretrial identification procedure was unduly suggestive, after the prosecution had met its initial burden of going forward to demonstrate reasonableness and the lack of suggestiveness, that evidence concerning an independent source for the in-court identification must be elicited from the complainant" *(People v Tweedy,* 134 AD2d 467, 468; *see, People v Chipp,* 75 NY2d 327; *People v Brown,* 111 AD2d 928). Since it was established that the complainant herein identified the defendant to the police before any police-initiated identification procedures took place, there was no need for the People to establish an independent source for the complainant's in-court identification of the defendant.

In addition, it was not improper for the prosecutor, in his summation, to comment on the complainant's motivation to lie since his credibility had been called into question *(see, People v Torres,* 141 AD2d 682, 684; *People v Glenn,* 140 AD2d 623; *People v Oakley,* 114 AD2d 473). It was also not improper for the prosecutor to comment on the seriousness of the complainant's injury since this was fair comment on an element of the charges and was made in response to the remarks of counsel for the codefendant, who denigrated the complainant's injury.

The defendant's other contentions are either without merit or unpreserved for appellate review as a matter of law *(see,* CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction. Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.