■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered May 16, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant testified that the defendant robbed her at gunpoint. She stated that the robbery lasted approximately 15 minutes during which time she was able to observe the defendant. The complainant immediately notified the police and within one hour of the robbery, identified a photograph of the defendant as depicting the man who robbed her. Moreover, approximately two weeks later, the complainant identified the defendant in a police lineup.

We also reject the defendant's contention that the hearing court erred in denying the defendant's request that the complainant be produced at the *Wade* hearing. "There is no general requirement that the complainant testify at a *Wade* hearing; 'it is only when the defense has established that a pretrial identification procedure was unduly suggestive, after the prosecution has met its initial burden of going forward to demonstrate reasonableness and the lack of suggestiveness, that evidence concerning an independent source for the * * * identification must be elicited from the complainant' " *(People v Stephens,* 161 AD2d 740). Since the evidence presented raised no issues regarding the constitutionality or suggestiveness of the identification procedures, the hearing court properly denied the defendant's request to call the complaining witness *(see, People v Chipp,* 75 NY2d 327). Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.