■ The People of the State of New York, Respondent, v Patrick Austin, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered on July 2, 1990,

convicting defendant, after a jury trial, of kidnapping in the first degree, rape in the first degree, and two counts of sodomy in the first degree, and sentencing him to concurrent terms of 20 years to life for the kidnapping conviction and 7 to 21 years for the other convictions, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), we find the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of first degree kidnapping, first degree rape, and first degree sodomy. Moreover, upon an independent review of the facts, we find the verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490). The issues raised by defendant concerning the credibility of the then 14 year old victim and the weight to be given to the medical testimony were properly placed before the jury and, after considering the relative force of the conflicting testimony and the competing inferences which may be drawn therefrom, we find no reason to disturb its determination.

Contrary to defendant's contention, he was not deprived of a fair trial by the elicitation of testimony from the examining physician that the victim's injuries were of an "assault" nature, and from the victim that defendant had told her "he was in jail before", since the trial court on each occasion struck the testimony from the record and defendant did not request any curative instruction in either instance (see, People v Medina, 53 NY2d 951). Similarly, when the prosecutor remarked on summation that "the burden of proof, never shifts but in this case defendant decided to put on a defense", the trial court immediately instructed the jury of the appropriate principle of law concerning the People's burden of proof which the jury is presumed to have followed (People v Davis, 58 NY2d 1102, 1104).

There is no merit to defendant's contention that the court's imposition of a 20 years to life prison term for kidnapping, after defendant had rejected a plea offer of 5 to 15 years which the court indicated it was willing to approve to spare the complainant the trauma of having to testify, shows that he was punished for having exercised his constitutional right to a jury trial (see, People v Pena, 50 NY2d 400, 411-412, cert denied 449 US 1087; People v Diaz, 177 AD2d 406, affd 80 NY2d 780). Nor can the sentence be deemed excessive given crimes involving the abduction of a minor and repeated sexual assaults over a 12-hour period.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross and Asch, JJ.