■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZHANG WAN, Appellant. [610 NYS2d 597] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered September 23, 1991, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), burglary in the first degree, grand larceny in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in

denying a request that the complainant be produced at the *Wade* hearing. This claim is unpreserved for appellate review as the defendant did not make such a request and cannot rely on the request of a codefendant *(see, People v Buckley,* 75 NY2d 843; *People v Burch,* 188 AD2d 479). In any event, a defendant does not have an absolute right to call a complainant at the *Wade* hearing absent some indicia that the identification procedure employed was suggestive *(see, People v Peterkin,* 75 NY2d 985; *People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Green,* 170 AD2d 692; *People v Stephens,* 161 AD2d 740). Since the evidence presented at the hearing raised no issues regarding the constitutionality or suggestiveness of the identification procedures, the hearing court properly denied the request to call the complaining witness *(see, People v Green, supra).*

The defendant failed to preserve his claim regarding translation problems with the court appointed interpreter. In any event, his contention that he was unable to understand or participate in the proceedings or that he was deprived of a fair trial because he could not understand the interpreter finds no support in the record *(see, People v Gordillo,* 191 AD2d 455; *People v Ko,* 133 AD2d 850).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.