■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDALIO GALARZA, Appellant. [614 NYS2d 433] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered November 6, 1992, convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Jonas, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the third degree beyond a reasonable doubt. Based on the testimony elicited at trial, the jury could have found that even though the defendant entered a commercial building during a time when it was unlocked and open to the public, the defendant knew that he had no license or privilege to enter, as he had been told by an authorized building employee on three prior occasions to stay away from the premises. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also reject the defendant's contention that the hearing court erred in denying his request that the building's maintenance employee be produced at the *Wade* hearing because the employee communicated through an interpreter. "There is no general requirement that the complainant testify at [a] *Wade* hearing; 'it is only when the defense has established that a pretrial identification procedure was unduly suggestive, after the prosecution has met its initial burden of going forward to demonstrate reasonableness and lack of suggestiveness, that evidence concerning an independent source for the * * * identification must be elicited from the complainant' " *(People v Stephens,* 161 AD2d 740). Since the evidence presented raised no issues regarding the constitutionality or suggestive-

ness of the identification procedures, the hearing court properly denied the defendant's request to call the complaining witness *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833).

In light of the defendant's background and history, the sentence imposed on the burglary conviction was not excessive *(see, People v Suitte,* 90 AD2d 80, 83).

The defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, is without merit. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.