■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SANCHEZ, Appellant. [618 NYS2d 770] —Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered December 19, 1990, convicting defendant, after a jury trial, of burglary in the second degree and possession of burglar's tools, and sentencing him to an indeterminate prison term of five to ten years on the burglary count and a term of one year on the lower count, unanimously reversed, upon the law, the facts, and as a matter of discretion, and the indictment dismissed with leave to re-present the charge of attempted burglary in the second degree to a Grand Jury.

Defendant was arrested after security guards observed him enter the unlocked outer door of an apartment building and crouch down in front of the second, locked, inner door leading into the building's lobby. The locked door had been tampered with and left ajar, but there was no evidence that the defendant, or any part of him, had passed through it. Upon handcuffing defendant, the security guards recovered a screwdriver and a hammer head from a bag which he was carrying. A police officer was called to the scene to take custody.

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find it insufficient to prove the elements of second

degree burglary, or that the defendant knowingly entered or remained unlawfully in a dwelling with the intent to commit a crime therein (Penal Law § 140.25). Evidence that the defendant was in the building's vestibule, and that he tampered with, but did not enter, a locked inner door, is insufficient to establish unlawful entry, because the evidence did not establish that the defendant, or any part of his body, was "inside" the locked entrance to the building (see, People v King, 61 NY2d 550, 552; see also, People v Diaz, 170 AD2d 202). An unlocked vestibule of a dwelling is not necessarily closed to the public (see, People v Ennis, 37 AD2d 573, affd 30 NY2d 535), and neither the owner nor the residents of this building took steps to restrict access to the vestibule, or to instruct the defendant that he was not allowed in this area (compare, People v Galarza, 206 AD2d 387, lv denied 84 NY2d 826 [three prior warnings by an authorized building employee]). Furthermore, the sign in the vestibule which stated "No Trespassing Unless Buzzed-in by a Tenant" was not an effective restriction of the vestibule, because it is reasonably interpreted to declare someone a trespasser only if he proceeds past the second, "buzzer-controlled", locked door without permission. If anything, the evidence merits only a charge of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25).

Further, the admission of testimony from the building's superintendent, asserting that prior to the incident numerous burglaries occurred in the building, which abated after the defendant's arrest, was a significant error that should be reviewed in the interest of justice. While the Trial Judge acknowledged that such questioning of the witness was highly improper, and that he was immediately aware of the impropriety as the testimony was being given, the court nevertheless denied defendant's motion for a mistrial due to counsel's lack of timely objection.

Evidence of uncharged crimes should only be admitted where relevant, based upon clear and convincing proof of the defendant's identity as the perpetrator of those crimes (People v Robinson, 68 NY2d 541, 550), and then only when the probative value of admission of the evidence outweighs any prejudice caused to the defendant (supra, at 549). Based upon this standard, the admission of testimony that burglaries in the area abated after the defendant was arrested should have been precluded. There was absolutely no proof that the defendant committed the prior burglaries. Not only was such evidence irrelevant, but it was also highly prejudicial.

Since we have found the evidence legally insufficient to

convict the defendant of second degree burglary, double jeopardy principles require a dismissal of the accusatory instrument *(People v Mayo,* 48 NY2d 245). However, further prosecution for the attempted crime is not precluded pursuant to a new indictment, and the People are granted leave to re-present the charge of attempted burglary in the second degree to the Grand Jury. Concur—Sullivan, J. P., Carro, Rosenberger, Williams and Tom, JJ.