■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOAH SIMMONS, Appellant. [623 NYS2d 309] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered September 11, 1992, convicting him of attempted murder in the second degree, kidnapping in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon learning that six jurors had overheard a defense witness's out-of-court comments criticizing the Assistant District Attorney, the court conducted an inquiry, in the presence of the defendant and his counsel, of the six jurors who had heard the comments. When the court was informed that the rest of the jury had heard about the incident, it instructed the entire jury that the comments were improper and that the jury should not hold the incident against the defendant. The jury twice assured the court that it had understood the court's instructions.

A Trial Judge is vested with broad discretion in ruling on the issue of juror prejudice *(see, People v Genovese,* 10 NY2d 478, 482). Contrary to the defendant's contention, individual inquiry of each juror is not the prescribed procedure to follow for assessing claims of improper jury influence. In fact, the Court of Appeals has not fashioned any concrete test for assessing claims of improper jury influence *(see, People v Testa,* 61 NY2d 1008, 1009). Rather, " '[i]n each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered' " *(People v Testa, supra,* at 1009, citing *People v Brown,* 48 NY2d 388, 394; *see, People v Pickett,* 61 NY2d 773; *see also, People v Lombardo,* 61 NY2d 97). Under the circumstances of this case, we find that the trial court conducted a proper inquiry and that any likelihood of prejudice was eliminated by the court's curative instructions.

The trial court did not improvidently exercise its discretion by ruling that, should the defendant choose to testify, the prosecutor would be permitted to cross-examine him regarding five of his prior convictions. With regard to four of the five

convictions, the court limited the prosecutor's questioning to whether the defendant had been convicted of a felony or a crime, and did not permit the People to inquire about the facts underlying those four convictions. With regard to the fifth conviction, the People were allowed to inquire about the facts underlying a "breaking and entering" conviction. While all of the convictions were at least 10 years old at the time of the trial, this by itself does not mandate preclusion *(see, People v Scott,* 118 AD2d 881). Further, the defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed the probative worth of that evidence that its exclusion was warranted *(see, People v Sandoval,* 34 NY2d 371, 378).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.