■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BYRD, Appellant. [625 NYS2d 68] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 27, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecutor's conduct upon cross-examination of the

defendant, while improper *(see, People v Parks,* 120 AD2d 920, 921; *People v Williams,* 112 AD2d 177; *People v Ochoa,* 86 AD2d 637), did not serve to deprive the defendant of his right to a fair trial. Thus, reversal is not warranted based on the prosecutor's conduct *(see, People v Williams, supra).*

The defendant contends that his conviction for criminal possession of a controlled substance in the third degree must be reversed, and that count dismissed, since it was a lesser-included offense of the crime of criminal sale of a controlled substance in the third degree, for which he was also convicted. This contention is without merit. Possession offenses relating to controlled substances are not lesser-included offenses of those crimes prohibiting their sale *(see, People v Burton,* 104 AD2d 655, 656).

The trial court did not improvidently exercise its discretion in questioning a juror who expressed doubts as to her ability to remain fair and told the court that she felt sympathy for the defendant. A trial court is vested with broad discretion in ruling on the issue of juror prejudice *(see, People v Genovese,* 10 NY2d 478). Where a court determines, after reasonable inquiry, that a juror will cast aside any preconceived notion, impression, or opinion as to the guilt or innocence of an accused and render a verdict based solely upon the evidence presented at trial, that juror may be considered impartial and fit for service *(see, Irvin v Dowd,* 366 US 717, 723; *see also, People v Genovese,* 10 NY2d 478, 481-482, *supra).* The court's inquiry was reasonable to ensure that the juror was impartial and fit for service.

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.