We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.

■ The People of the State of New York, Respondent, v Paul St. John, Appellant. [634 NYS2d 403] —Appeal by the defendant from (1) a judgment of the County Court, Westchester County (Humphreys, J.), rendered June 21, 1985, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court (Scarpino, J.), dated December 21, 1993, which denied his motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the judgment and order are affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's contention that the accomplice's testimony should not be believed is meritless. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garáfolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Likewise, the defendant's contention that the People failed to disclose a cooperation agreement it had with one of the witnesses is without merit as there was no proof that this alleged agreement existed.

The defendant's remaining contentions are without merit. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.

■ The People of the State of New York, Respondent, v Francisco Vasquez, Appellant. [633 NYS2d 831] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered November 1, 1993, convicting him of sodomy in the second degree, sexual abuse in the second degree (seven counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The victim's complaints to her friend and her teacher were sufficiently prompt to allow them to testify as "prompt outcry" witnesses *(see generally, People v Kornowski,* 178 AD2d 984). The defendant has not preserved for appellate review his claim that the court erred in receiving the accompanying details of the alleged acts and in failing to issue limiting instructions *(see,* CPL 470.05 [2]; *People v Holzer,* 52 NY2d 947). We decline to review this issue in the exercise of our interest of justice jurisdiction.

The defendant's challenges to the prosecutor's comments on summation are unpreserved for appellate review *(see, People v Dordal,* 55 NY2d 954) or without merit *(see, People v Long,* 205 AD2d 804; *People v Stephens,* 161 AD2d 740). Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.