■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELEZ, Appellant. [634 NYS2d 758] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 9, 1993, convicting him of sodomy in the first degree (five counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Upon learning that an article had appeared in a local newspaper on the prior day regarding the defendant's prior conviction as a sex offender, the trial court asked the jurors whether anyone had seen or read anything about the case. One

juror came forward and, upon inquiry, in the presence of counsel, admitted that he had read the article after a second juror had pointed it out to him. The court then conducted an inquiry of both jurors to determine their ability to remain impartial, discharged as unqualified the one juror who conceded his inability to remain impartial but retained the juror who assured the court that he could put aside what he had read and remain impartial. After replacing the discharged juror with an alternate, the court admonished the jurors to avoid any media coverage of the case and not to bring newspapers into the jury room.

A Trial Judge is vested with "broad discretion" in ruling on the issue of juror prejudice (People v Genovese, 10 NY2d 478, 482; People v Daniels, 218 AD2d 589; People v Simmons, 213 AD2d 433). A juror is grossly unqualified "only 'when it becomes obvious that [the] particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " (People v Buford, 69 NY2d 290, 298, quoting from People v West, 92 AD2d 620, 622 [Mahoney, P. J., dissenting]; see also, People v Rodriguez, 71 NY2d 214; People v Dacus, 215 AD2d 578; People v Byrd, 214 AD2d 581). Where a court determines, after reasonable inquiry, that a juror will cast aside any preconceived notion, impression, or opinion as to the guilt or innocence of an accused and render a verdict based solely upon the evidence presented at trial, that juror may be considered impartial and fit for service (see, Irvin v Dowd, 366 US 717, 723; see also, People v Genovese, supra, at 481-482; People v Sanchez, 216 AD2d 207; People v Byrd, supra). In the instant case, the court properly exercised its discretion in considering the juror to be impartial and fit for trial (see, People v Genovese, supra; People v Sanchez, supra; People v Byrd, supra).

Furthermore, contrary to the defendant's contention, individual inquiry is not the only procedure to follow for assessing claims of improper jury influence. In fact, the Court of Appeals has not fashioned any concrete test for assessing claims of improper jury influence (see, People v Testa, 61 NY2d 1008, 1009). Rather, " '[i]n each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered' " (People v Testa, supra, at 1009; People v Simmons, 213 AD2d 433, supra; People v Brown, 48 NY2d 388, 394; see, People v Pickett, 61 NY2d 773; see also, People v Lombardo, 61 NY2d 97). Under the circumstances of this case, the trial court conducted a proper inquiry and any likelihood of prejudice was

eliminated by the court's curative instructions *(see, People v Simmons, supra).*

In addition, upon our review of the testimony adduced at the suppression hearing regarding the lineups, we find that the hearing court properly denied suppression of the lineup identifications of the defendant by the viewing witnesses *(see, People v Chipp,* 75 NY2d 327, 338, *cert denied* 498 US 833; *People v Galarza,* 206 AD2d 387, 388; *People v Zhang Wan,* 203 AD2d 499, 500; *People v Green,* 170 AD2d 692).

In light of the defendant's criminal history as a repeat sex offender and the nature of the crimes herein, the defendant's sentence, which was within the statutory guidelines, is neither harsh nor excessive *(People v Suitte,* 90 AD2d 80, 85). The court did not improperly penalize him for exercising his right to a jury trial. It is firmly established that sentences imposed after trial may be more severe than those proposed in connection with a plea bargain *(see, People v Pena,* 50 NY2d 400, 411-412; *People v Clarke,* 195 AD2d 569, 570-571; *People v Austin,* 190 AD2d 508, 509; *People v Catten,* 214 AD2d 463; *see also, People v Delgado,* 80 NY2d 780, 781-783; *People v Ramos,* 201 AD2d 679, 682).

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.