■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO LOPEZ, Appellant. [719 NYS2d 242] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered on or about July 9, 1998, convicting defendant, after a jury trial, of three counts of burglary in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years, unanimously modified, on the facts and in the interest of justice, to the extent of reducing the convictions under the first and third counts of the indictment to attempted burglary in the second degree and reducing the sentences on those convictions to terms of 7 years, concurrent with each other and with the remaining sentence of 15 years, and otherwise affirmed.

In two of the three incidents, defendant entered the unlocked and otherwise unsecured vestibules of apartment buildings. We conclude that the evidence was insufficient to establish beyond a reasonable doubt that defendant knowingly entered the vestibules unlawfully (*People v Sanchez*, 209 AD2d 265, *lv denied* 85 NY2d 866). Although this issue was unpreserved, we choose to reach it in the interest of justice. However, in each of these incidents the evidence establishes all the necessary elements of attempted burglary in the second degree, with respect to defendant's attempts to enter the apartment buildings themselves, and we reduce the convictions accordingly (CPL 470.15 [2] [a]). There was no "spillover" effect requiring any remedy with respect to the remaining count (*see, People v Doshi*, 93 NY2d 499), and there is no purpose to be served by remanding for resentencing.

The record fails to support defendant's claim that he was absent from a sidebar conference that resulted in the dismissal of a prospective juror (*see, People v Kinchen*, 60 NY2d 772). On the contrary, the totality of the record, including remarks by the court, establishes that defendant was either present at the sidebar or was seated a few feet away and was able to see and hear the proceedings. In any event, the juror, who recognized defendant, was clearly excused for cause.

Except as indicated, we perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Rosenberger, Williams, Andrias and Ellerin, JJ.