■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MAISONET, Appellant. [760 NYS2d 58] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered November 12, 1999, convicting him of robbery in the first degree, burglary in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of burglary in the first degree, vacating the

sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant does not challenge the Supreme Court's determination that he voluntarily and willfully failed to appear in court at the commencement of trial and that the matter could proceed in his absence. Rather, he contends that the Supreme Court erred in denying his motion for a mistrial to afford him an opportunity to testify, when he appeared in court for the first time during jury deliberations. Under the circumstances, the Supreme Court providently exercised its discretion in denying the motion (see People v Washington, 71 NY2d 916 [1988]; People v Sanchez, 65 NY2d 436 [1985]).

As the People correctly concede, the defendant did not enter the victim's apartment, but remained in the adjacent hallway. The hallway of an apartment building may constitute a "dwelling," as defined by Penal Law § 140.00 (3), if it is inaccessible to the public (see People v Torres, 162 AD2d 385 [1990]; People v McCurdy, 86 AD2d 493, 497-498 [1982]). However, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), the record is devoid of any indication that the door to the building was locked, entry was controlled by a buzzer, "no trespassing" signs were present, or that there were any other indicia that access to the building or hallway was restricted to tenants. The People therefore failed to establish the elements of burglary in the first degree beyond a reasonable doubt (see People v Lopez, 279 AD2d 316 [2001]; People v Sanchez, 209 AD2d 265 [1994]).

The defendant's contention in his supplemental pro se brief that the Supreme Court erred in denying his motion to dismiss the indictment pursuant to CPL 30.30 (1) (a) on the ground that he was denied the right to a speedy trial is largely unpreserved for appellate review, and, in any event, is wholly without merit (see CPL 30.30 [4] [c] [ii]). As to the one argument preserved for appellate review, the eight-day period between April 14, 1999, and April 22, 1999, was properly excluded from the time chargeable to the People. The defendant did not appear in court on April 14, 1999, as he was incarcerated after having been arrested the day before in Kings County. The People were diligent and made reasonable efforts to obtain the presence of the defendant for trial on April 22, 1999, upon learning that he was in custody in Kings County (see CPL 30.30 [4] [e]). Goldstein, J.P., Adams, Townes and Crane, JJ., concur.