THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLPHUS COOPER, Appellant. [771 NYS2d 348]—

Judgments, Supreme Court, New York County (William Wetzel, J.), rendered July 2, 2001, convicting defendant, after a jury trial, of 11 counts of robbery in the first degree and four counts of burglary in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 22 years on each conviction, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to the extent of vacating the conviction of burglary in the first degree under the 12th count of the indictment and dismissing that count, and otherwise affirmed.

There is no reason to disturb the jury's rejection of defendant's affirmative defense (Penal Law § 160.15 [4]) that the item he displayed was actually a toy. The jury properly discredited those portions of defendant's statements to the police that supported this defense (see People v Gaimari, 176 NY 84, 94 [1903]).

With respect to the 12th count of the indictment, in which defendant entered an unlocked and otherwise unsecured vestibule

without attempting to go further into the building, the evidence was legally insufficient to establish the requisite unlawful entry to sustain a burglary (*People v Sanchez*, 209 AD2d 265 [1994], *lv denied* 85 NY2d 866 [1995]).

The challenged portions of the People's summation generally constituted fair comment on the evidence, made in response to defense arguments, and the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). To the extent that some of the challenged remarks could be viewed as expressing the prosecutor's personal opinions, the court's prompt curative actions were sufficient to prevent any prejudice.

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Friedman, JJ.