OPINION OF THE COURT
Anthony J. Ferrara, J.
These defendants are each charged with criminal trespass in *655 the second degree (Penal Law § 140.15). In sum, the complaint alleges that the defendants were observed within an apartment building leaving apartment 1C through the front door, and they did not have permission or authority to be inside the apartment. The sole facts alleged to support this conclusion are: (a) the defendants’ home addresses differ from the building address, and (b) although defendants asserted they were visiting the tenant in apartment 1C, they could not give the tenant’s full name. While the complaint also incorporates a managing agent’s affidavit, the affidavit merely gives the police authority to arrest anyone who is not a tenant, guest, or invitee of a tenant in the building. Thus, the issues presented are whether the fact that these defendants were observed leaving apartment 1C created an inference that they were invitees of the resident, and if so, whether their inability to give the resident’s full name provides a sufficient predicate to infer they were trespassers.
While defendant Spann moved to dismiss the information for facial insufficiency, defendant Freeman did not. For the reasons stated below, the information is dismissed for facial insufficiency as to both defendants (see People v Rosado, 192 Misc 2d 184, 185 [Crim Ct, NY County 2002] [“where the court detects reasons for facial insufficiency, it may dismiss the action for those reasons, despite the fact that the defendant did not raise those issues in his motion papers”]).
In order to be facially sufficient, an information must contain an accusatory part designating the offense or offenses to be charged (CPL 100.15 [1], [2]) and a factual part containing facts of an evidentiary nature supporting or tending to support the charges (CPL 100.15 [1], [3]). The factual allegations, together with any supporting depositions, must be given a “fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]). After such a reading, the information is sufficient if the nonhearsay allegations in the factual part and/or in any supporting depositions establish every element of the offense and the defendant’s commission of the offense (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987]; People v Hall, 48 NY2d 927 [1979]). Conclusory allegations are insufficient (People v Dumas, 68 NY2d 729 [1986]).
Penal Law § 140.15 states: “A person is guilty of criminal trespass in the second degree when he knowingly enters or remains unlawfully in a dwelling.” A “dwelling” is “a building which is usually occupied by a person lodging therein at night” (Penal Law § 140.00 [3]). A person “enters or remains unlaw *656 fully” in or upon a dwelling when he or she is not licensed or privileged to do so (Penal Law § 140.00 [5]). A person who enters an area open to the public “does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person” (Penal Law § 140.00 [5]).
An apartment located inside an apartment building is commonly understood to be a dwelling where people lodge at night. Here, defendants were observed leaving through the front door of apartment 1C. Because there is no question that an individual apartment unit is closed to the public, the issue here is whether the defendants entered and remained unlawfully in apartment 1C (see generally People v Sanchez, 209 AD2d 265 [1st Dept 1994] [defendant’s entrance through the unlocked outer door of an apartment building into the vestibule, without evidence that defendant tampered with the locked inner door to enter into the lobby, failed to establish that he entered unlawfully]).
The court finds that the factual allegations in the complaint and supporting deposition fail to give reasonable cause to believe that the defendants entered or remained in the apartment unlawfully. The complaint does not allege that the lock to apartment 1C was broken, that the door was tampered with or any other indication that the defendants entered apartment 1C illegally. There are no allegations to support an inference that the defendants were not invitees. There are also no allegations that either the managing agent or any tenant in apartment 1C ever personally communicated to the defendants that they were unwelcome in either the apartment or the building. Absent such factual allegations, the court is unwilling to infer that the defendants were in the apartment unlawfully simply because the defendants did not reside in the building and could not give the full name of the person in that apartment they were there to visit. There are many instances where a person may be lawfully in an apartment, or an invitee of a resident, without knowing that resident’s full name. Deliverymen, repairmen, inspectors, and the like often do not know or cannot recall the names of the persons whose apartments they visit for legitimate reasons. That does not mean that these people do not have a proper reason to be there. Furthermore, there is no allegation that this apartment building had clearly posted “Solicitation Prohibited” signs placing would-be salesmen, electioneers, lobbyists, or solicitors for charities on notice that their entry is *657 unlawful. To the contrary, since the defendants were found exiting an apartment, absent allegations that would give the court reasonable cause to believe that the defendants had no right to enter the apartment in the first instance, the logical inference is that the defendants’ presence in the apartment was lawful.
In People v Quinones (2002 NY Slip Op 50091[U] [App Term, 1st Dept, Mar. 5, 2002]), the Appellate Term found an information facially sufficient where it was alleged that defendant was in the lobby of a public apartment building beyond a locked door and a buzzer system, where the defendant did not live in the building, and where he stated that he was in the building to visit a friend but was unable to identify his friend’s surname or apartment number. In People v Scott (8 Misc 3d 428 [Crim Ct, NY County 2005]), the court found complaints alleging that defendants were in the lobby of an apartment building beyond the vestibule facially sufficient, even though the complaints did not allege that either the front door or the vestibule doors were locked. This court distinguishes Quinones and Scott from the instant case because in those cases the defendants were found in the lobby whereas here the defendants were found exiting a private apartment. Something more than a mere form affidavit from the manager of a building is required to show that these defendants were inside a tenant’s apartment without permission or authority.
Accordingly, defendant Spann’s motion to dismiss for facial insufficiency is granted, and the charges against defendant Freeman are similarly dismissed.