■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SANDERS, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 10, 1990, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree, and sentencing him as a second felony offender to an indeterminate term of imprisonment of one and a half to three years, unanimously reversed on the law and the facts, the plea vacated, the motion to suppress granted and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Defendant was arrested in the lobby of a housing project building at 220 East 102nd Street and charged with possession of eight vials of crack. At the suppression hearing which preceded his plea of guilty, it emerged that defendant and a companion had been observed walking through the lobby by a uniformed Housing Police Officer at 9:40 A.M. on February 22, 1989. According to the officer, all the entrances of the building were customarily locked and there were numerous "No Trespassing" signs in the lobby. He did not see how the defendant and his companion gained entrance, though when he first saw them they were coming from the direction of the front door.

When defendant noticed the officer he looked down, and the two men then continued to walk across the lobby to the "fire door." When they reached that door, the officer asked what they were doing, and defendant's companion replied, "We're just passing through." At that point, the officer immediately placed the two men under arrest for criminal trespass. The search performed thereafter revealed that defendant was in possession of the drugs which are the basis of the within charges.

We find that the behavior of defendant and his companion, at best, gave rise to a common law right of inquiry on the part of the officer (People v De Bour, 40 NY2d 210) and that the response received by the officer to that inquiry provided no basis for the hearing court's finding of probable cause. Even assuming that the remark by defendant's companion that the men were just passing through could fairly be attributed to defendant, this comment, on its own, completely failed to provide any basis for an inference that the men were not residents or otherwise lawfully entitled to be in the building. Since there was no further inquiry and no other evidence that defendant was guilty of trespass (Penal Law § 140.15), there was not, at that point, probable cause to arrest him. The search carried out pursuant to that arrest was therefore illegal, and the fruits of that search, including the drugs of which defendant was ultimately charged with possession, must be suppressed. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Ross, JJ.