■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSARIO LAWLOR, Appellant. [631 NYS2d 676] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 17, 1993, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of 6 to 12 years, unanimously affirmed.

Defendant, dressed entirely in dark clothing, was apprehended inside the lobby of a residential building by the superintendent while in possession of the superintendent's property, which had been stored in the basement beyond a "No Trespassing" sign. The superintendent's testimony established that the only access to the building was through the locked front door followed by entry through the locked vestibule door, that tenants had to admit visitors by intercom, and that tenants in this luxury residence typically did not admit strangers. When defendant saw the superintendent arrive, he leaned down as though to tie a shoe lace, but the superintendent observed that his laces already were tied. Defendant tried to leave without the property. Since such conduct was unequivocal and had legal significance without any explanatory embellishment, defendant's subsequent statement to the superintendent that he was on the premises to look for a job was not part of the res gestae of the event, and was properly excluded as hearsay (*People v Salko*, 47 NY2d 230, 239-240; *People v Sostre*, 70 AD2d 40, 45, *affd* 51 NY2d 958). Furthermore, the purpose of introducing the statement would have been precisely to establish the truth of the fact asserted therein.

We find no basis to disturb the sentencing court's exercise of discretion. While it would have been better if the sentencing court had not made any reference to defendant's use of drugs, the sentence, which was slightly more than midway between the minimum and maximum, was justified solely by defendant's significant criminal record, which included a history of burglary offenses, and there is no support for the claim that the court was punishing defendant for a drug habit rather than for the burglary charged. Nor did the court's comment placing this conviction within the context of a wave of burglaries suggest that defendant was being punished for uncharged crimes.

Concur—Rosenberger, J. P., Rubin, Asch, Williams and Mazzarelli, JJ.