*621 OPINION OF THE COURT
Lucy Billings, J.
This case is one of an increasing number of cases charging criminal trespass in the lobbies, hallways, or other common areas of apartment buildings. These cases are a product of recent attempts to convert traditionally public areas of multiple unit dwellings to private access. Because of people’s expectation that these areas are open to the public, the effectiveness of their conversion to private space requires special scrutiny to ensure that they are not simply a trap for the unwary.
This issue is of course a matter ultimately for trial. The accusatory instrument charging criminal trespass in these situations, however, still must meet a minimum standard of pleading, showing that persons entering or remaining in a restricted area had notice that their presence was barred.
In this case, the People have charged defendant Robert Outlar with criminal trespass in the second degree in the hallway of an apartment building at 515 West 171st Street, New York County. (Penal Law § 140.15.) They have converted the misdemeanor complaint to an information with the supporting depositions of the arresting officer and the building owner. Defendant moves to dismiss the information as facially insufficient. He also moves for an order compelling a bill of particulars and discovery and for preclusion and suppression of various categories of evidence. Because the court grants the motion to dismiss, as discussed below, the other motions need not be discussed.
The Elements of Criminal Trespass
“A person is guilty of criminal trespass in the second degree when he knowingly enters or remains unlawfully in a dwelling.” {Ibid.) Penal Law § 140.00 (5) defines “[e]nter or remain unlawfully”: “A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person.” Penal Law § 140.00 (1), (2) and (3) define “[d]welling” as a type of “building” and “[bjuilding” as a type of “[p] remises”.
The issue before the court is whether the information sufficiently pleads the elements of the crime: that defendant was in a “dwelling”; that he “entered or remained unlawfully”, as defined above; and that he did so “knowingly.” (Penal Law § 140.15.)
*622 The Pleadings and the Standard for Review
The complaint, after charging in the accusatory part that defendant committed the offense at 515 West 171st Street, alleges in the factual part below that the arresting officer “observed the defendant inside the hallway of the dwelling, an apartment building where people reside at the above location and that said location is posted with signs saying ‘Tenants and their Guests Only.’ ” The complaint further alleges that defendant “provided a residence address different from the above location” and “stated, in substance: I came to see a girl I met but I don’t know what apartment she lives in.” It is evident that “above location” and “said location”, where the complaint alleges the signs are posted and defendant does not reside, refer to the address 515 West 171st Street alleged in the accusatory part of the complaint above the factual part.
The arresting officer’s affidavit supports most of these allegations. With the preface, “at 515 W 171 St.”, the officer states, verbatim, that he “observed the defendant inside the hallway of the dwelling[,] an apartment building where people reside, at the above location,” referring to the location “515 W 171 St.” Using a form affidavit, the officer failed to mark the box before the allegation, “and that said' location is posted with signs saying”, but has marked the box concluding that allegation: “Tenants and their Guests Only.”
The owner’s affidavit states that the “building is posted” with the signs, again evidently referring simply to 515 West 171st Street. This affidavit is dated about seven weeks before the alleged offense, but purports to be “in effect for ninety days.” The import and purpose of this provision are uncertain. Obviously the witness cannot attest to whether the signs would be posted seven weeks into the future, at the time of the alleged offense. Apparently the affidavit is to be considered circumstantial evidence that, as the postings were in place seven weeks before defendant’s arrest, the postings weré there on the date of the incident.
These pleadings- constitute a facially sufficient information if they contain nonhearsay allegations of an evidentiary nature that provide reasonable cause to believe defendant committed every element of the offense charged. (CPL 100.40 [1] [b], [c]; People v Alejandro, 70 NY2d 133, 137 [1987]; People v Hall, 48 NY2d 927 [1979]; People v Case, 42 NY2d 98, 100 [1977].) Under this standard, defendant argues that the information fails to allege facts from which it can be inferred he knowingly defied a lawful order not to enter or remain in the building *623 hallway, an area presumptively open to the public, where, absent such defiance, he enjoyed “a license and privilege to be present”. (People v Leonard, 62 NY2d 404, 408 [1984]; see also, Penal Law § 140.00 [5].) Moreover, defendant argues, his statement that he was in the building to visit a resident there, even though he did not know the resident’s apartment, does not establish he was uninvited. The People do not respond specifically to these arguments.
For the following reasons, the court finds that the information fails to plead every element of trespass under Penal Law § 140.15. The court therefore grants defendant’s motion to dismiss the accusatory instrument.
A Dwelling Area Closed to the Public
A threshold issue is whether the information alleges defendant was in a dwelling closed to the public. Without more, an allegation that a defendant was in the lobby or hallway of an apartment building generally is insufficient to plead that the defendant was on premises closed to the public.
All persons “have a license and privilege to be present” in areas of buildings or real property open to the public. (People v Leonard, 62 NY2d, supra, at 408.) A “common hallway” in a multiple dwelling unit building is presumptively a public place because “strangers to the [residents] are allowed access and there is * * * no right to privacy.” (People v Powell, 54 NY2d 524, 531 [1981]; see also, supra, at 527.) Consequently, “hallways of multiple dwellings must be considered public places within the trespass statute.” (People v Beltrand, 63 Misc 2d 1041, 1048 [Crim Ct, NY County 1970], affd 67 Misc 2d 324 [App Term, 1st Dept 1971].)
The information before the court alleges nothing regarding the apartment building’s layout that suggests a different conclusion. The information does not allege defendant passed through a locked door (People v Lawlor, 219 AD2d 528 [1st Dept 1995]; People v Brunson, NYLJ, Aug. 14, 1995, at 32, col 1 [Crim Ct, Queens County]), a buzzer and intercom system (People v Torres, 162 AD2d 385, 386 [1st Dept 1990]), or any other physical separation or barrier that would suggest the hallway was closed to the public (People v Alston, 178 AD2d 153, 154 [1st Dept 1991]; People v Rodriguez, 159 AD2d 201, 202-203 [1st Dept 1990]), and defendant’s entry therefore was unlawful. (People v Cohen, 204 AD2d 159, 160 [1st Dept 1994]; People v Sanders, 172 AD2d 239, 239-240 [1st Dept 1991].) An allegation that defendant was in the hallway, without any *624 indication he entered through a locked entrance, is insufficient to support an unlawful entry charge. (People v Sanchez, 209 AD2d 265, 265-266 [1st Dept 1994].)
The governing case law would support a conclusion that, unlike an apartment designed for actual residence, a hallway of a multiunit building may not be construed as part of a dwelling. If the pleadings do not allege defendant is in a dwelling, they fail on that ground alone. For purposes of this motion to dismiss, however, construing the pleadings liberally, the court concludes that a hallway may be part of a dwelling. Nevertheless, without any further indication that the hallway was physically closed off, that area, even if part of a dwelling, must be presumed “premises * * * open to the public”. (Penal Law § 140.00 [5].) Therefore the court must review the allegations of the element that defendant “enter [ed] or remain [ed] unlawfully” (Penal Law § 140.15), as defined in section 140.00 (5).
Defiance of a Lawful Order Not to Enter or Remain
If the pleadings do not suggest a physical barrier or separation, they must indicate a communication barring defendant. Where an otherwise common area is to be removed sufficiently from the public domain to support a prosecution for trespass, the People must plead facts that indicate the defendant defied “a lawful order not to enter or remain, personally communicated to him”. (Penal Law § 140.00 [5].) Here the People allege the dwelling is posted with signs stating the message, “Tenants and their Guests Only.” The court must determine whether these allegations provide reasonable cause to believe defendant knowingly defied an order not to enter or remain.
If the court were to ignore the arresting officer’s apparent oversight, in omitting the allegation regarding the posted signs, and consider that he had marked the box designating that allegation, then the court would not. have to evaluate the building owner’s allegation regarding the posted signs. The owner’s affidavit would add nothing to the arresting officer’s affidavit that supports the complaint. Taking the officer’s affidavit strictly at face value, however, the owner’s affidavit seven weeks earlier is the only nonhearsay evidence of the posted signs. The court must then assess whether this fact, as in an affidavit supporting a search or arrest warrant, is close enough in time to provide reasonable cause to believe the same fact continued to the time in question. (CPL 100.40 [1] [b]; 120.20 [1]; 690.10, 690.40; People v Dumas, 68 NY2d 729, 731 [1986]; People v Johnson, 66 NY2d 398, 402, n 2 [1985]; People v Padilla, 132 AD2d 578 [2d Dept 1987].)
*625 The sufficiency of the proof “is not determined simply by counting the number of days between the occurrence of the events relied upon” and the occurrence in question. (People v Teribury, 91 AD2d 815, 816 [3d Dept 1982].) The information is sufficient if “the practicalities dictate that a state of facts existing in the past * * * continues to exist” at the time in question. (People v Clarke, 173 AD2d 550 [2d Dept 1991].) “Whether the proof meets this test must be determined by the circumstances of each case” (Sgro v United States, 287 US 206, 210-211 [1932]), “considered in the clear light of everyday experience”. (People v Hanlon, 36 NY2d 549, 559 [1975].)
In this case, the practicalities do not dictate that the posting of signs on December 4, 1997 provides reasonable cause to believe they remained posted on January 21, 1998, the date of defendant’s arrest for trespass. (CPL 100.40 [1] [b].) None of the allegations relied on indicates the permanent nature of the signs, nor does any other evidence afford the court reasonable assurance that they were sufficiently durable and securely affixed to justify the inference that they continued to be posted seven weeks later.
Even construing the pleadings as liberally as possible, however, ignoring the arresting officer’s omission and assuming he did allege the posted signs, or assuming the owner’s allegations are sufficiently current, the court still reaches the same result. While the violation of posted rules governing entry to a presumptively public area may support a trespass charge, an allegation simply that rules are posted is insufficient to plead a communication to the accused. The information must indicate that signs are precise enough to identify not only who is excluded, but also what is prohibited. Here the accusatory instrument alleges that the signs identify “Tenants and their Guests Only”, but is less than precise as to what is expected of persons excluded from that class. Even if the court were to find the message obvious, however, the information does not indicate that the signs are posted strategically or conspicuously enough to afford adequate notice of the prohibited conduct.
Although the charge here is not under Penal Law § 140.10, the law under subdivisions (e) and (f), governing public housing projects, is instructive. That section provides:
“A person is guilty of trespass in the third degree when he knowingly enters or remains unlawfully in a building * * *
“(e) where the building is used as a public housing project in violation of conspicuously posted rules or regulations governing entry and use thereof; or
*626 “(f) where the building is used as a public housing project in violation of a personally communicated request to leave” (emphases added).
These subdivisions’ purpose is to afford public housing projects “the same protection as private buildings.” (People v Carter, 169 Misc 2d 230, 234 [Crim Ct, Kings County 1996].) The statute extended to public housing the requirements already governing criminal trespass in presumptively public areas of private dwellings. In the absence of a “personally communicated” order not to enter or remain (Penal Law § 140.00 [5]; §140.10 [f]), signs must be “clearly displayed” if they are to give adequate notice of the limitations on entry. (People v Carter, 169 Misc 2d, supra, at 234; see also, People v Brunson, NYLJ, Aug. 14, 1995, at 32, col 1, supra.)
The information before the court alleges nothing indicating such a communication. The information does not allege where the signs were posted, for example at the building entrances or elsewhere, where defendant had to have passed them, or that the signs were conspicuous in any way, to permit an inference that defendant saw them. (People v Lawlor, 219 AD2d 528, supra; People v Torres, 162 AD2d 385, 386, supra; People v Barbarcich, 166 AD2d 655, 655-656 [2d Dept 1990].)
Nor does the information otherwise indicate defendant saw the signs. It does not allege that he saw them, wherever they were posted, or that anyone asked if he was aware of them, communicated their message to him, instructed him to leave, or otherwise informed him his presence was prohibited. (Penal Law § 140.00 [5]; People v Galarza, 206 AD2d 387 [2d Dept 1994]; People v Alderson, 144 Misc 2d 133, 137, 145-147 [Crim Ct, NY County 1989].)
However liberally the pleadings are construed, if they do not allege an essential element of the offense, they are insufficient. In this case, the information does not allege defendant “entered or remained unlawfully”, as Penal Law § 140.00 (5) defines those terms. While the pleadings may be construed to allege defendant defied a lawful order not to enter or remain found in the posted signs, the information simply contains no allegations regarding how or where at the building the signs were posted, such that defendant saw them, or that their message was communicated to him in any way.
Knowledge
An accusatory instrument charging trespass based on posted notices restricting access to presumptively public areas, more *627 over, must allege facts providing reasonable cause to believe the accused was aware of the restrictions and knowingly defied them. “[U]nlawful remaining requires that the actor have knowledge that remaining is unlawful.” (People v Ranieri, 144 AD2d 1006, 1008 [4th Dept 1988].)
“Without conspicuously posted signs, one cannot impute the essential element of knowledge * * * for any degree of trespass”. (People v Brunson, NYLJ, Aug. 14, 1995, at 32, col 3, supra; see also, People v Basch, 36 NY2d 154, 159 [1975].) Without alleging any other physical barriers or separation either, “[t]he People have shown nothing to support their contention that the defendant had knowledge that his entry into the lobby was unlaw[ful]”. (People v Brunson, NYLJ, Aug. 14, 1995, at 32, col 3.)
The information alleges defendant provided a residence address different from 515 West 171st Street and further provided information as to why he was in the building. Defendant informed the arresting officer that defendant had come to see someone who lived in the building, although he did not know which apartment. This candid admission was, at worst, an unequivocal assertion of innocent purpose, if not “a license and privilege to be present”. (People v Leonard, 62 NY2d 404, 408, supra; see also, Penal Law § 140.00 [5].) Even if defendant’s admissions adequately pleaded he was not authorized to be in the building, they do not demonstrate he knowingly defied the posted signs or otherwise knew his entry was unlawful.
In contrast, had defendant provided a patently false explanation, it might support an inference that he knew his presence was unauthorized. (People v Barbarcich, 166 AD2d, supra, at 656; Matter of Troy F., 138 AD2d 707, 709 [2d Dept 1988]; People v Beltrand, 63 Misc 2d 1041, 1042-1044, supra.) Similarly, had defendant exhibited other culpable behavior, it might provide reasonable cause to believe he entertained a criminal purpose. (People v Alston, 178 AD2d 153, 155, supra; People v Carter, 169 Misc 2d, supra, at 232-233.)
Nothing in the information here provides basis to infer knowledge. Again, while the pleadings may be construed to allege defendant’s presence in the hallway of 515 West 171st Street was unauthorized, the information does not indicate in any way that defendant knew that fact.
Conclusion
Because the information does not allege facts from which the court can infer essential elements of trespass, that defendant’s *628 unlawful presence was communicated to him or that he otherwise knew his presence was unlawful, the information is facially insufficient and therefore dismissed. Since the accusatory instrument is dismissed, the court need not address the remaining issues defendant raises.
The Clerk of the Court is to seal the file. (CPL 160.50.) The People have leave to refile the charge consistent with CPL 30.30 and 170.30. (People v Nuccio, 78 NY2d 102, 104-105 [1991].)