**STATE of Missouri, Respondent,**

v.

**Orlando MONDAINE, Appellant.**

**No. ED 85168.**

Missouri Court of Appeals, Eastern District, Division One.

Sept. 13, 2005.

Application for Transfer to Supreme Court Denied Oct. 25, 2005.

Application for Transfer Denied Dec. 20, 2005.

Jessica Hathaway, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald S. Ribaudo, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Orlando Mondaine ("defendant") appeals the judgment on his conviction of one count of possession of a controlled substance and one count of trespass in the first degree. Defendant claims the state failed to present sufficient evidence to support his conviction of first degree trespassing. He also argues that the trial court improperly admitted evidence of heroin found during a search incident to his arrest for trespassing. Finding no error, we affirm.

On November 9, 2002, detectives Theodore Bynum and Denise Strittmatter, with the City of St. Louis Police department, responded to a call regarding individuals selling drugs at the property located at 4061 and 4063 McRee. When the detectives arrived at the address, they observed defendant sitting on the front steps of the building. Both detectives stated that "no trespassing" signs were posted on the property. The detectives began conducting an interview with defendant, and Jacqueline Martin, the owner of the property approached them. She informed the officers that defendant did not have permission to be on her property, and she did not want him there. Defendant admitted that

he did not live in the building. Detective Strittmatter testified at trial that she believed defendant said something about being in the neighborhood to visit friends; however, Detective Bynum stated that no one in the building responded to him. Defendant was placed under arrest, and Detective Bynum conducted a search incident to the arrest. Detective Bynum located what he believed to be black tar heroin in defendant's pocket. Defendant was charged with one count of possession of a controlled substance and one count of trespass in the first degree. A jury found defendant guilty of both counts. Defendant filed a motion for judgment of acquittal notwithstanding the jury's verdict and an alternative motion for new trial, which was denied. Defendant now appeals.

In his first point on appeal, defendant claims that the trial court erred in denying his motion for judgment of acquittal because the state failed to adduce sufficient evidence to support his conviction of first degree trespass. Specifically, defendant argues there was no evidence to show a "no trespassing" sign was posted on the property, what the sign said, if the sign was legible or clear, and whether defendant was aware of the sign. Defendant also claims that the steps to the multifamily apartment building were "presumptively open to the public."

"In reviewing a sufficiency of the evidence claim, we determine whether sufficient evidence permits a reasonable trier of fact to find guilt." *State v. McCoy*, 90 S.W.3d 503, 505 (Mo.App.2002); (citing *State v. Storey*, 901 S.W.2d 886, 895 (Mo. banc 1995)). We view the evidence and the inferences therefrom in the light most favorable to the verdict. *Id.*

Pursuant to section 569.140 RSMo

(2000) [1]:

1. A person commits the crime of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property.

2. A person does not commit the crime of trespass in the first degree by entering or remaining upon real property unless the real property is fenced or otherwise enclosed in a manner designed to exclude intruders or as to which notice against trespass is given by:

(1) Actual communication to the actor; or

(2) Posting in a manner reasonably likely to come to the attention of intruders.

3. Trespass in the first degree is a class B misdemeanor.

In the present case, both detectives responding to the call at 4061 and 4063 McRee testified that there were "no trespassing" signs posted on the property. According to Detective Strittmatter, the signs were in front of the residence. Jacqueline Martin, the owner of the property, also testified that she had "no trespassing" signs on the property. Although there was no evidence presented regarding the size of the signs, they were placed in front of the residence, and they read "no trespassing," according to the testimony presented at trial. Defendant was sitting on the front steps of the property, and therefore, it is a reasonable inference that the signs were posted in a "manner reasonably likely" to come to his attention, as required by section 569.140.

■ Defendant also argues that there was insufficient evidence of the "unlawfulness" of his presence on the steps of the building because they could be considered a public place. In support of his conten-

tion, defendant cites a New York case in which the Criminal Court of the City of New York found that a hallway of a multiunit dwelling must be considered a public place within the purview of New York penal law's trespass statute. *People v. Outlar,* 177 Misc.2d 620, 623, 677 N.Y.S.2d 430 (N.Y.City Crim.App.1998). He also relies upon *St. Louis County v. Stone,* 776 S.W.2d 885 (Mo.App.1989) for this proposition. Both cases are distinguishable.

In both *Outlar* and *Stone,* the courts were faced with factually distinct scenarios. Both cases involved allegations of trespass in a common area. The court in *Outlar,* found that the hallway of a multiunit dwelling was considered a public place for purposes of trespass. 177 Misc.2d at 623, 677 N.Y.S.2d 430. In *Stone,* the alleged trespass occurred in a parking lot and in a common area inside a building open to the public. The court found that under those circumstances there was insufficient evidence of trespass because as a public place, the defendants entered with implied consent of the owners, and there was no evidence that the defendants engaged in conduct to revoke the implied consent. 776 S.W.2d at 889.

■ In the present case, defendant was not in a common hallway, and he was not in a building open to the public. He was sitting on the front steps of a residence. There was no evidence to indicate that the steps were a common area of the building, and therefore, we cannot agree that the steps were "presumptively open to the public."

As previously discussed, there were "no trespassing" signs located in the front of the residence, and therefore, there was sufficient evidence from which a reasonable jury could find that defendant's con-

---

**1.** All further statutory references are to RSMo (2000).

duct amounted to first degree · trespass pursuant to section 569.140. Point denied.

◼ In his second and final point on appeal, defendant argues that the trial court erred in failing to suppress and in admitting evidence of heroin discovered during a search of his person incident to his arrest for trespassing. Defendant claims the arrest failed to meet the standard of a "reasonable seizure" of a person pursuant to the constitution of Missouri.

◼ We note that during trial, defendant did not object to the admission of the heroin, and in fact, defendant affirmatively stated, "[n]o objection," when the state moved for its admission. "Missouri courts have consistently held that stating 'no objection' when evidence is introduced precludes direct appellate review of the admission." *State v. Baker*, 103 S.W.3d 711, 716 (Mo. banc 2003); (citing *See e.g. State v. Starr*, 492 S.W.2d 795, 801 (Mo. banc 1973)). However, in the present case, after counsel stated "[n]o objection," to the admission of the evidence, the trial court ruled on the motion to suppress *sua sponte*. The court stated that it would "overlook" the failure to object to the admission of the evidence and denied the motion to suppress. Therefore, we will review the issue on the merits.

Defendant claims evidence of heroin found on his person was inadmissible because it was obtained by an unreasonable seizure. He argues that the "minor trespass that the police had probable cause to believe he was guilty of did not warrant the indignities and intrusions of a full custodial arrest...." He urges us to adopt a standard of reasonableness for an officer to arrest a person for a nonviolent misdemeanor or infraction.

According to defendant, the United States Supreme Court in *Atwater v. City of Lago Vista*, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001), encouraged states to examine their laws and craft a more restrictive standard of the type defendant suggests for the seizure of persons.

In *Atwater*, the Supreme Court reviewed a Fourth Amendment claim made regarding a custodial arrest for a seat belt offense. While the court recognized in that case, the physical incidents of arrest were "gratuitous humiliations" imposed by the· police officer, it noted that Fourth Amendment inquiries are not well served by a sensitive case-by-case determination. 532 U.S. at 346–47, 121 S.Ct. at 1553. Atwater proposed a "modern arrest" rule which would forbid custodial arrest, even upon probable cause, when the conviction would not result in jail time, or there is no showing of a compelling need for immediate detention. *Id.* at 346, 121 S.Ct. 1536. In rejecting this proposed rule, the court noted that Atwater's suggested rule promised· "very little in the way of administrability." *Id.* at 350, 121 S.Ct. 1536.

As defendant acknowledges, the Supreme Court in *Atwater* held that where a police officer has probable cause to believe a suspect committed even a minor criminal offense, he may arrest the offender without violating the Fourth Amendment. Nevertheless, defendant argues that, pursuant to the court's decision in *Atwater*, several states limited police discretion based upon the provisions in their own constitutions. Defendant· points to cases from Montana, Nevada and Minnesota in which courts determined that the exercise of police discretion in seizing persons must be reasonable based upon the states' constitutional provisions protecting citizens of the state from unreasonable searches and seizures. *See State v. Bauer*, 307 Mont. 105, 36 P.3d 892 (2001), *State v. Bayard*, 119 Nev. 241, 71 P.3d 498 (2003), and *State v. Askerooth*, 681 N.W.2d 353, 357 (Minn. 2004).

◼ Pursuant to the Fourth Amendment of the United States Constitution,

the people are protected against unreasonable searches and seizures. " 'Missouri's constitutional "search and seizure" guarantee, article I, section 15, is co-extensive with the Fourth Amendment.' " *State v. Tackett,* 12 S.W.3d 332, 337 (Mo.App.2000); (*quoting State v. Deck,* 994 S.W.2d 527, 534 (Mo. banc 1999), *cert denied,* 528 U.S. 1009, 120 S.Ct. 508, 145 L.Ed.2d 393 (1999)). Because Missouri's constitutional protection against unreasonable searches and seizures has been held to co-exist with that of the Fourth Amendment, we do not believe Missouri's constitution provides greater protection than that of the Fourth Amendment. Thus, we are not persuaded by defendant's argument regarding other jurisdictions which have determined their own state constitutions, coupled with legislation in the state, provide greater protection in this regard.

Defendant also seeks adoption of his proposed standard for arrests for minor offenses, by relying upon dicta in *Atwater,* in which the court noted that many jurisdictions had imposed statutes which provided more restrictive safeguards to limit warrantless arrests for minor offenses. 532 U.S. at 352, 121 S.Ct. at 1556. However, Missouri has not imposed such statutory limitations upon warrantless arrests. Pursuant to section 544.216, a law enforcement officer may arrest a person without a warrant when he sees the person violating *any* law of this state, or has reasonable grounds to believe the person has violated *any* law of this state, *including a misdemeanor or infraction.* (emphasis added)

■ *Atwater* provides that, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." 532 U.S. at 354, 121 S.Ct. at 1557. Missouri statutes do not impose a more restrictive standard, and therefore, we do not believe such a limitation is required in the present case.

■ A warrant is not required for a search incident to a lawful arrest. *Tackett,* 12 S.W.3d at 337. Here, defendant acknowledges that the officers had "reasonable grounds" to believe that he was committing "some variety" of trespass. Where a lawful arrest is made, a search of the person is reasonable under the Fourth Amendment. *Id.* at 338. Pursuant to a valid arrest, a police officer may search the defendant's person and may seize items found pursuant to such an arrest. *Id.* In the instant case, defendant was searched incident to a lawful arrest, and the heroin was discovered in his pocket. As a result, the trial court did not err in admitting evidence of heroin found on defendant's person incident to his arrest for trespass. Point denied.

The judgment of the trial court is affirmed.

MARY K. HOFF, P.J., and BOOKER T. SHAW, J. concur.