OPINION OF THE COURT
Eileen N. Nadelson, J.
*399 Defendant was tried at a bench trial on charges of criminal trespass in the third degree (Penal Law § 140.10 [e]) and trespass (Penal Law § 140.05).
As part of its case-in-chief, the People examined the police officer who arrested defendant. The officer testified that he observed defendant standing alone in the lobby of a building maintained by the New York City Housing Authority (NYCHA). After about five minutes, the officer saw defendant leave the subject premises and walk away, at which point the officer stopped and questioned defendant. The officer further testified that, when questioned, defendant said that he was in the building to visit a friend, but was unable to give the friend’s name or identify the apartment in which the friend allegedly resided. At this point the officer arrested defendant.
The officer also stated that the door to the subject building was open and that although NYCHA buildings usually have signs posted indicating that they are private property and that no trespassing is allowed, he did not enter the building to determine whether any such sign was posted at the subject location.
Following the People’s case-in-chief, defendant moved to dismiss the action, arguing that the People failed to make out a prima facie case against defendant. The court denied the motion, and defendant put on his sole witness, a friend who lives in the building adjacent to the one in which the officer testified that he observed defendant. This friend stated that defendant had come to see him at the time of the occurrence, and he further indicated that his building, also a NYCHA property, did not have any sign posted regarding trespassing.
At the close of all the testimony, the court reserved its decision, which it now makes.
Penal Law § 140.10 states:
“A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in a building or upon real property . . .
“(e) where the building is used as a public housing project in violation of conspicuously posted rules or regulations governing entry and use thereof.”
Penal Law § 140.05 states: “A person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises.”
The purpose of Penal Law § 140.10 (e) is to prohibit trespass in all public housing developments, provided that the *400 statute is complied, with by the housing authority and that “No Trespassing” signs are clearly displayed. (People v Carter, 169 Misc 2d 230 [Crim Ct, Kings County 1996].) The evidence presented at trial does not indicate whether there were any signs prohibiting trespass posted, conspicuously or otherwise. Without any evidence of conspicuously posted no trespassing signs the essential element of knowledge that one’s presence is unlawful cannot be imputed to a defendant so as to find him guilty of trespass. (People v Brunson, NYLJ, Aug. 14, 1995, at 32, cols 1, 3.) Nor was any evidence adduced that defendant had any actual knowledge that his presence was prohibited. (See generally People v Galarza, 206 AD2d 387 [2d Dept 1994].)
Similarly, to be found guilty of the general charge of trespass under Penal Law § 140.05, it must be demonstrated that the defendant knowingly entered or remained unlawfully in or on premises. (People v Crowell, 122 Misc 2d 133 [Oswego County 1983].) No conviction can be found without this requisite element of scienter.
Based on the statutes and judicial authority interpreting them, the court must reverse its earlier decision denying defendant’s motion to dismiss. Since there is no evidence that signs were clearly displayed to give adequate notice to defendant that he could not remain on the property, and no evidence was presented that defendant had actual knowledge that he was not permitted on the property, it cannot be concluded that defendant’s mere presence in the lobby of a NYCHA building constituted a trespass. (People v Outlar, 177 Misc 2d 620 [Crim Ct, NY County 1998].) Therefore, upon reconsideration, the court grants defendant’s motion to dismiss.