**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Floyd JOHNSON, Defendant/Appellant.**

**No. ED 88355.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 6, 2007.

S. Kristina Starke, Saint Louis, MO, for Defendant/Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Asst. Atty. Gen., Jefferson City, MO, for Plaintiff/Respondent.

SHERRI B. SULLIVAN, J.

## Introduction

Floyd Johnson (Defendant) appeals from his conviction and sentence, following a jury trial, of one count of felony possession of a controlled substance, cocaine base, in violation of Section 195.202,[1] one count of misdemeanor possession of drug paraphernalia with intent to use in violation of Section 195.233, and one count of misdemeanor trespass in the first degree in violation of Section 569.140.[2] Defendant also appeals his subsequent resentencing by the trial court. We dismiss Defendant's appeal as to his resentencing as untimely. We affirm the trial court's judgment only as to Defendant's convictions, but set aside the sentence imposed for possession of a controlled substance and remand the case to the trial court to resentence Defendant consistent with this opinion.

## Background

On July 6, 2004, Defendant was charged as a prior and persistent drug offender and a prior and persistent offender by information with one count each of possession of a controlled substance, possession of drug paraphernalia, and trespass in the first degree. Prior to trial, Defendant filed a Motion to Suppress Evidence, alleging that certain items, including cocaine base and a metal tube, were obtained pursuant to an unlawful search and seizure conducted without a warrant, without probable cause, and not within the scope of any exception to the warrant requirement. This motion was taken with the case.

The State presented the testimony of four witnesses. Defendant presented no evidence on his behalf. The evidence adduced at trial reveals the following, as pertinent to the issues before us.

Kim Overbey (Overbey) is the property manager at the Clinton Peabody Apartments owned by the Housing Authority of the City of St. Louis. Overbey testified that the Housing Authority's trespassing policy requires all visitors to the housing development complex to remain in the presence of the tenant they are visiting at all times. Approximately one hundred signs advising of the policy are posted throughout the complex. Because people who were not living in the complex were coming to the premises and committing crimes, Overbey contacted the police department to help the complex strictly enforce the trespassing policy. Defendant was not a tenant of the complex, and to Overbey's knowledge, did not have relatives who lived there.

Officer Ron Martin (Martin) of the City of St. Louis Police Department also testified on behalf of the State. In April of 2004, Martin was assigned to the Housing

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. Defendant's appeal of the trial court's original judgment and sentence, Appeal No. ED87638, was consolidated with his subsequent appeal of the trial court's resentencing, Appeal No. ED88355, upon the Court's own motion.

Authority Unit. His duties included patrolling the Clinton Peabody Apartments and enforcing the Housing Authority's trespassing policy. The trespassing policy prohibits nonresidents, unless they are visiting a lease holder, from loitering within the development complex. The Housing Authority Unit maintained a zero tolerance policy in enforcing the trespassing rules and arresting violators. Because Martin patrolled the Clinton Peabody complex on a daily basis, he knew its tenants.

On April 19, 2004, at approximately 11:00 p.m., Martin was patrolling with another officer when he observed Defendant and another individual loitering within the Clinton Peabody complex. Defendant's companion was not a Clinton Peabody tenant. Martin advised Defendant of the trespassing policy and told him to leave.

Shortly after midnight, however, Martin again observed Defendant and his companion standing next to a vehicle parked in the complex. The men were not in the presence of a Clinton Peabody tenant. When Martin and another officer pulled their patrol car close to the two men, Defendant and his companion got into the vehicle and began to drive away. The officers stopped the vehicle, and again made contact with Defendant concerning the trespassing policy.

On April 29, 2005, around 10:00 p.m., Martin again observed Defendant at the Clinton Peabody complex. Defendant was sitting by himself on a porch at 1482 Hickory. When Defendant saw Martin and his partner approaching him, Defendant ran toward 1468 Hickory. Martin ordered Defendant to stop and told him he was under arrest.

Martin apprehended Defendant in an outer stairwell at 1468 Hickory and advised him that he was under arrest for trespassing. After Martin advised Defendant of his right to remain silent, Defendant said he knew he should not have come back to the complex and acknowledged he had "been warned a bunch." Martin then searched Defendant and found a small piece of what was later determined to be crack cocaine and a metal smoking tube in Defendant's right pants pocket, both of which items Martin seized.

Defendant did not object when the State offered testimony about the search and seizure of the cocaine base and metal pipe or when the trial court allowed evidence of those items to be admitted; in fact, when the trial court asked Defendant if he had any objection to their admission, Defendant replied in the negative. Defendant did not allege error regarding admission of the cocaine base in his Motion for New Trial either.

Defendant acknowledged and admitted his prior felony conviction history in court. Defendant told the trial court he pleaded guilty to two counts of felony possession of a controlled substance, cocaine base and heroin, on November 30, 1998, Cause No. 981–2374C; to felony possession of a controlled substance, cocaine base, on December 31, 1995, Cause No. 951–2606A; to felony possession of a controlled substance, cocaine, on June 4, 1992, Cause No. 921–589B; and to two counts of felony possession of a controlled substance, cocaine and heroin, felony unlawful use of a weapon, and carrying a concealed weapon on January 13, 1992, Cause No. 911–1987B. The trial court, based on the Defendant's admissions, found beyond a reasonable doubt that Defendant was a prior and persistent drug offender and a prior and persistent offender, for all statutory purposes, including sentencing and enhancement of a range of punishment.

On October 19, 2005, the jury returned guilty verdicts for possession of a controlled substance, possession of drug para-

phernalia, and trespass in the first degree. On February 3, 2006, the trial court sentenced Defendant to a term of eight years for possession of a controlled substance. The trial court also sentenced Defendant to concurrent terms of thirty days each for possession of drug paraphernalia and trespass in the first degree, with credit for time served as to these misdemeanors. Defendant filed a notice of appeal on February 10, 2006. This appeal was denominated Appeal No. ED 87638.

On June 30, 2006, the trial court resentenced Defendant, stating that the matter was remanded for sentencing because the trial court had sentenced Defendant to a term of years below that required by statute. With respect to Defendant's count of possession of a controlled substance, cocaine base, the trial court sentenced Defendant to a term of ten years' imprisonment. Defendant's sentences as to the misdemeanor counts remained unchanged. Defendant was granted leave to file an appeal in forma pauperis on July 11, and he filed his notice of appeal on July 13, 2006. This appeal was denominated Appeal No. ED88355.

Upon this Court's own motion, Appeal Nos. ED87638 and ED88355 were consolidated on September 11, 2006, and all future filings were ordered to be made in Appeal No. ED88355.

### Jurisdictional Issues

As a preliminary matter, this Court must examine its jurisdiction as to each of Defendant's appeals. As to Defendant's appeal of his June 30, 2006 resentencing, we find that Defendant's notice of appeal was untimely filed on July 13, 2006. Accordingly, we must dismiss Defendant's appeal regarding his resentencing for lack of jurisdiction. Missouri Supreme Court Rule 30.01(d); *State v. Nelson*, 9 S.W.3d 687, 688–89 (Mo.App. E.D.1999).

As well, we must determine whether the trial court exceeded its jurisdiction by reopening or modifying its judgment after a notice of appeal was filed. Although the trial court found beyond a reasonable doubt that Defendant was a prior and persistent drug offender and a prior and persistent offender, Defendant's original sentence of eight years' imprisonment for his possession of a controlled substance charge in violation of Section 195.202.2 did not comply with the mandatory statutory terms. Sections 195.285 and 558.011 provide that prior and persistent drug offenders who are found guilty in violation of Section 195.202.2 shall be sentenced to the authorized term of imprisonment for a class A felony; that is, not less than ten years and not to exceed thirty years, or life. Here, however, the trial court improperly sentenced Defendant to only eight years on his possession conviction.

Although the State argues that, because the original sentence was not in accordance with the law, there was no final judgment from which an appeal could be taken, we disagree. It is true that a trial court retains jurisdiction to resentence a defendant when the sentence it imposed does not comply with the statutory requirements. *State v. Ferrier*, 86 S.W.3d 125, 127 (Mo.App. E.D.2002). However, for purposes of appeal, judgment in a criminal case is final when the judgment and sentence is entered, and a notice of appeal filed in the trial court within ten days after its entry is effective to vest the appellate court with jurisdiction. *See State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693 (Mo. banc 1979). Sufficiency of a sentence may be reviewed on appeal. *State v. Davis*, 179 S.W.3d 308, 309 (Mo. App. E.D.2005) (trial court sentenced defendant, as a prior and persistent drug offender and a prior and persistent offender, to a term of eight years for possession

conviction; because trial court's sentence did not comply with the mandatory statutory terms, this court remanded case with instructions to sentence defendant in accordance with the statutory provisions). Consequently, we must vacate Defendant's sentence and remand the cause to the trial court to resentence Defendant in accordance with Sections 195.285 and 558.011.[3]

The trial court below lost jurisdiction upon Defendant's timely filing of his notice of appeal on February 10, 2006; therefore, its June 30, 2006 judgment setting aside Defendant's original sentence is void. *See State ex rel. Wagner*, 582 S.W.2d at 695. Therefore, we review only Defendant's claims of error that pertain to the February 3, 2006 judgment and sentence.

### Points Remaining on Appeal

In his first point, Defendant claims the trial court plainly erred by not granting his Motion to Suppress Evidence and by admitting the cocaine base and metal tube seized from his pants pockets because the evidence was obtained during the course of a search incident to an unlawful arrest.

In his second point, Defendant claims the trial court plainly erred by permitting the State to improperly vouch for Officer Martin during closing argument.

In his third point, Defendant claims the trial court plainly erred in finding Defendant to be a persistent drug offender because the State did not prove that he was a prior or persistent drug or felony offender and the trial court did not properly indicate a finding that Defendant was a persistent drug offender at his prior offender hearing or at his sentencing hearing.

---

**3.** As pointed out by Defendant and conceded by the State in its brief, the February 3, 2006 judgment and sentence contain incorrect statutory citations. Upon remand, the trial court should ensure that its sentence and judgment form properly reflects the statutes under which Defendant was found to be a prior and persistent drug offender and a prior and persistent felony offender.

### Standard of Review

■ Unpreserved errors can only be reviewed for plain error, which requires a finding that manifest injustice or miscarriage of justice has resulted from trial court error. *State v. Johnson*, 207 S.W.3d 24, 34 (Mo. banc 2006). The evidence is reviewed in the light most favorable to the verdict and we will reverse only if the error was so prejudicial that it affected the trial's outcome. *Id.*

### Discussion

In his first point, Defendant argues that the cocaine base and metal tube seized from his pants pockets were the result of a search incident to an unlawful arrest because Martin did not have probable cause to arrest him for trespassing. He further asserts that Martin had no reason to believe Defendant was not visiting a Clinton Peabody tenant on the night of April 29, 2006. As noted, during trial, Defendant did not object to the admission of the cocaine base and metal tube, and in fact, stated that he had no objection when directly questioned by the trial court. Our courts consistently hold that stating "no objection" when evidence is introduced precludes direct appellate review of the admission. *State v. Mondaine*, 178 S.W.3d 584, 588 (Mo.App. E.D.2005).

■ Nevertheless, even if we were to review Defendant's point on the merits, the record clearly shows Martin had probable cause to believe Defendant was committing the crime of trespass in the first degree: more than one hundred signs were posted throughout the Peabody Clinton housing complex; Martin knew Defen-

dant was not a tenant and had personally advised Defendant of the Housing Authority's trespass policy on two occasions just days before his arrest; Defendant was sitting on a Peabody Clinton front porch unattended by any tenant; and Defendant ran when he saw the officers approaching. *United States v. Reed*, 220 F.3d 476, 478 (6th Cir.2000) (officers' basis for probable cause to arrest defendant for criminal trespass sufficient to indicate to a reasonable person that an illegality has occurred or is about to occur included prior warning to defendant by officer, observance of defendant on property, knowledge that defendant was not a resident of the housing property, posting of no trespassing signs, and defendant's attempt to exit upon approach of officers.) Where a lawful arrest is effected, a subsequent search of the arrestee and seizure of items found pursuant to the arrest is reasonable under the Fourth Amendment. *Mondaine*, 178 S.W.3d at 588. The trial court's ruling was supported by substantial evidence and is not clearly erroneous. *Johnson*, 207 S.W.3d at 44. Defendant's first point is denied.

■ In his second point, Defendant claims the trial court permitted the State to improperly vouch for Martin during closing argument by stating that Martin would risk his job and pension and face criminal prosecution if he lied on the witness stand. Defendant argues the State argued facts not entered into evidence and inappropriately bolstered Martin's testimony. Plain error claims relating to closing argument need not be considered unless the defendant demonstrates a sound, substantial manifestation that injustice or miscarriage of justice will result unless relief is given. *Id.* at 49. Thus, improper argument requires reversal of a conviction only if the defendant proves that the argument had a decisive effect on the jury's determination. In light of the evidence presented in this case, including the cocaine base found upon Defendant's person, Defendant fails to show how the prosecutor's comments decisively affected the jury's verdict.

Moreover, this court has found a similar argument made by a prosecutor to be within the permitted boundaries of closing argument. In *State v. Bryant*, 741 S.W.2d 797, 799 (Mo.App. E.D.1987), the prosecutor argued, over objection, that the testifying law officers would not lie because they would not do that to themselves, the people of the city, or the victim. This court concluded the comments were merely comments on the witnesses' credibility from the State's perspective. *Id.* The remarks here, made in rebuttal to comments on Martin's credibility made by Defendant in closing argument, were permissible. Defendant's second point is denied.

■ In his third point, Defendant claims the trial court erred in sentencing him as a persistent drug or felony offender because the trial court failed to indicate this finding at his prior offender hearing or at his sentencing hearing. A persistent drug offender is one who has previously pleaded guilty to or has been found guilty of two or more felony offenses relating to controlled substances. Section 195.275.1(2).

During his prior offender hearing on October 19, 2005, Defendant admitted his prior felony history, telling the trial court that he had pleaded guilty to the following felonies: 1) possession of a controlled substance, cocaine base, and possession of controlled substance, heroin, in Cause No. 981–2374C on November 30, 1998; 2) possession of a controlled substance, cocaine base, in Cause No. 951–2606A on December 31, 1995; 3) possession of a controlled substance, cocaine, in Cause No. 921–589B on June 4, 1992; and 4) unlawful use of a

weapon and carrying a concealed weapon in Cause No. 911–1987B on January 13, 1992.

Contrary to Defendant's assertion, the record shows that the trial court, having heard these admissions, announced during Defendant's prior offender hearing its findings that Defendant was a prior and persistent drug offender and a prior and persistent offender:

> THE COURT: The defendant, having admitted that he has pled guilty to four—at least four prior criminal drug cases, this Court, therefore, based upon the admission of this defendant, finds beyond a reasonable doubt that defendant is a prior drug and prior and persistent offender for all statutory purposes, including court sentencing, and including the enhancement of a range of punishment with respect to this matter. [THE STATE]: I apologize, Your Honor. Did you make the finding he's a prior/persistent drug offender as well? THE COURT: Yes.

Our review of the record leads us to the conclusion that trial court properly indicated a finding that Defendant was a persistent drug offender. During the prior offender hearing, the trial court indicated that the purpose of its inquiry was to establish that Defendant had pleaded guilty to at least four prior felony offenses relating to controlled substances, and Defendant admitted pleading guilty to at least four. Although, during the February 3, 2006 sentencing hearing, the trial court orally only stated that Defendant was found to be a prior offender subject to the extended range of punishment, its Sentence and Judgment entered that day included the specific finding that Defendant was a persistent drug offender. We conclude there is sufficient evidence that the trial court properly found that Defendant was a persistent drug offender, as well as a prior drug offender, and prior and persistent offender. *See Trevino v. State,* 206 S.W.3d 356, 360–61 (Mo.App. S.D.2006) (if there is sufficient evidence to meet the definition of persistent offender, any failure of trial court to make specific finding is a procedural deficiency; court may use variety of methods to find prior and persistent offender status).

██ Defendant also claims the State did not prove his status as a prior or persistent drug or felony offender because it failed to establish that Defendant was represented by counsel at his predicate guilty pleas. However, Defendant admitted on the record that he committed the previous felony crimes and the date and the cause numbers for each guilty plea. Such admissions relieve the State of the burden of proving all of the matters that ordinarily would be required to establish prior convictions. *Trevino,* 206 S.W.3d at 360. Defendant's third point is denied.

### Conclusion

The judgment of conviction is affirmed, but the cause is remanded for the sole purpose of resentencing Defendant consistent with this opinion.

MARY K. HOFF, P.J., and GEORGE W. DRAPER III, J., concur.